CORBETT (COMMERCIAL BANK v.). See Cases Nos. 3,057 and 3,058.

---

## Case No. 3,221.
### CORBETT v. GIBSON.
[16 Blatchf. 334.] [1]

District Court, E. D. New York. May Term, 1879.

SUBPŒNA DUCES TECUM—PUBLIC DOCUMENTS.

The major general commanding the department of the east, in the army of the United States, was served with a subpoena duces tecum, in this suit, requiring him to produce in court official papers on file in the office of the headquarters of such department. A motion was made that such subpoena be set aside. It appearing that copies of such papers could be read in evidence, and it not appearing that the originals would serve a different purpose from the copies, or that the copies could not be procured, *held*, that the motion must be granted.

[This was an action by John J. Corbett against Horatio G. Gibson.]

W. Frank Severance, for plaintiff.
Herbert G. Hull, for defendant.

BENEDICT, District Judge. In this action, the plaintiff has served upon Major General Hancock, commanding the department of the east, in the army of the United States, a subpoena duces tecum, requiring him to produce "all books, papers, documents, memoranda, letters or writings, in the office of the headquarters of the department of the east, relating in any way to the plaintiff, sometimes called Patrick Corbett, formerly a private in Battery E, third artillery, U. S. army, and his arrest, trial and imprisonment in Fort Wadsworth, by the defendant, from November 28, 1877, up to date, now in your custody, and all other deeds, evidences and writings which you have in your custody or power, relating to the premises." A motion in behalf of Major General Hancock, to set aside this subpoena, is now made by the judge advocate of the army. The writ exhibits gross irregularities upon its face, such as, that it is issued in the name of the people of the state of New York; that it requires the production of the papers before a judge, instead of before the court; that it is not tested in the name of the chief justice of the United States; and the like. But, passing these, to consider the question as to which my opinion is desired, namely whether Major General Hancock can properly be compelled, by a subpoena duces tecum, to produce in court official papers such as are described in this subpoena, and on file in the office of the headquarters of the department of the east, I remark, that such papers are to be deemed public documents on file in a public office, and that the right to require the removal thereof from the official place of deposit, for production in the various courts, would cause great and unnecessary inconvenience, without any corresponding advantage. The general rule in regard to public documents is, therefore, applicable to such papers, and they may be proved by an authentic copy. The rule referred to is thus stated in 1 Greenl. Ev. § 484: "Every document of a public nature, which there would be inconvenience in removing, and which the party has a right to inspect, may be proved by a duly authenticated copy." In U. S. v. Percheman, 7 Pet. [32 U. S.] 51, 85, it was held, that a copy of a public document, furnished by an officer whose duty it is to keep the original, may be read in evidence.

The only reason that has been suggested in this case, for requiring the original papers in question, is, that their production is necessary, because copies could not be read in evidence. But, as already stated, copies may be read, and the production of the original is, therefore, unnecessary. Such being the case, no reason exists for the subpoena duces tecum, and it should be set aside. If it appeared that the original papers, when produced, would serve a different purpose from the copies, or that the copies of the papers could not be procured, a different case would be presented. An order will be entered setting aside the subpoena in question, and, also, the subpoena issued to the inspector general, to which the above remarks are also applicable.

[NOTE. For denial of a motion to compel the plaintiff's attorney to furnish a sworn statement of the residence, occupation, and address of the plaintiff, see Case No. 3,222.]